UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| DIVERSIFIED MAINTENANCE SYSTEMS, LLC,<br><br>Plaintiff<br><br>v.<br><br>MITCHELL INSURANCE SERVICES, LLC, and DENNIS R. MITCHELL, INDIVIDUALLY,<br><br>Defendants. | Civil Action No.: |

## COMPLAINT

COMES NOW Diversified Maintenance Systems, LLC ("DMS"), as Plaintiff, and hereby files its Complaint against Mitchell Insurance Services, LLC ("Mitchell Insurance") and Dennis R. Mitchell, individually ("Mitchell") as follows:

## PARTIES

1.

Plaintiff DMS is a Delaware corporation authorized to do business in the State of North Carolina with its principal place of business located in Hillsborough County, Florida.

2.

Upon information and belief, Defendant Mitchell Insurance is a North

Carolina company authorized to transact business in the State of North Carolina and may be served through its Registered Agent, Lacy Mitchell at 6701-U North Tyron St., Charlotte, Mecklenburg County, NC, 28213.

3.

Upon information and belief, Defendant Dennis R. Mitchell is a resident of Mecklenburg County, North Carolina and may be served through its 5337 Tompkins Road, Charlotte, NC, 28227.

## **JURISDICTION AND VENUE**

4.

Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1367.

5.

Venue is proper in this Court pursuant to 28 U.S. Code § 1332 (a) (1). The parties are citizens of different states (Florida and North Carolina) and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Further, the relevant transaction in this case was made, executed, and/or performed in Mecklenburg County, North Carolina.

# FACTUAL BACKGROUND

6.

On or about March 20, 2019, DMS was sued by Paul Fleury in United States District Court for The District Of South Carolina, Charleston Division, case name: *Paul Fleury v. Harbor Freight Tools USA, Inc. and Diversified Maintenance Systems, LLC*; *Diversified Maintenance Systems, LLC v. JB Professional Cleaning Services,* Civil Action No. 2.19-Cv-379-Rmg. (Hereinafter "The Fleury Action") Paul Fleury's Amended Complaint alleges that on July 10, 2017, Mr. Fleury entered the Harbor Freight Tools store located at 5054 Dorchester Road in North Charleston, South Carolina, where he slipped and fell in a grease/oil-like substance that had been spilled on the floor. (*See* Amended Complaint, attached hereto as Exhibit A, p. 2-3). Mr. Fleury further alleged that Defendant Harbor Freight Tools USA, Inc. ("Harbor Freight") had previously hired DMS to clean up this grease/oil spill, and that both DMS and Harbor Freight negligently failed to clean the spill, causing his fall. (Ex. A, p. 4-6). Harbor Freight also brought a cross-claim against DMS in the Fleury action.

7.

DMS entered into a Janitorial Service Agreement with Harbor Freight on or about October 8, 2012, in which DMS agreed to provide janitorial services at Harbor Freight's five distribution facilities. (*See* Janitorial Services Agreement, attached

hereto as Exhibit B, p. 1. 5). This Agreement was later amended to include an agreement that DMS would provide quarterly and annual janitorial services, including stripping and waxing the sales floor, at various Harbor Freight stores across the country, including the one in question in this case. (Ex. B, p. 15).

8.

DMS did not personally perform janitorial services at the Harbor Freight store in question. Instead, it hired subcontractors to perform the services at this location.

9.

On or about April 29, 2015, DMS entered into a Subcontractor Agreement with JB Professional Cleaning Services ("JB") under which JB would provide services to DMS's customers upon issuance of a Purchase Order by DMS describing the work to be performed. (*See* Subcontractor Agreement, attached hereto as Exhibit C, p. 1).

10.

The Subcontractor Agreement included the following insurance provision:

> [JB] will keep in force General Liability insurance . . . throughout the length of this agreement. Commercial General Liability insurance must be issued with a minimum of $1 million for general aggregate coverage and $1 million for each occurrence. The coverage must include endorsements for contractual liability (including, but not limited to, coverage for DMS' responsibility to indemnify, defend, and hold harmless the Customer), personal injury, completed operations and broad form property damage liability. DMS and Customer must be

> named as certificate holders and additional insured. [JB] expressly understands that its Commercial General Liability Insurance shall be primary coverage for any and all claims against DMS and Customer arising out of Subcontractor's provision of services under this Agreement.

(Ex. C, p. 5).

11.

DMS issued a Purchase Order to JB, in accordance with the terms and conditions of the Subcontractor Agreement, ordering a Strip & Wax service to be performed at the Harbor Freight store in question on July 9, 2017. (*See* Purchase Order, attached hereto as Exhibit D).

12.

JB performed this work negligently, leaving the subject floor in an unsafe condition, causing or contributing to Paul Fleury's alleged accident.

13.

Pursuant to the Subcontract Agreement, JB was required to obtain and keep in force General Liability insurance.

14.

Mitchell and Mitchell Insurance were JB's insurance agent and procured insurance for JB for the years 2015-2020, and provided the following certificates of insurance to JB with the following information contained therein:

Exhibit E:   Insurer:  Atlantic Casualty

Policy Number: CL00210751

Effective dates 5/1/15-5/1/16

Certificate Holder: DMS

Exhibit F: Insurer: Acceptance Indemnity

Policy Number: CL00210751

Effective Dates: 5/1/16-5/1/17

Certificate Holder: DMS

Additional Insured: DMS

Exhibit G: Insurer: Atlantic Casualty

Policy Number: L0010416

Certificate Holder: DMS

Additional Insured: DMS

15.

The Certificates of Insurance listed above were negligently drafted, and the insurers and/or their policy numbers were not in effect when they were issued by Mitchell and Mitchell Insurance.

16.

As a result of the negligently issued Certificates of Insurance, DMS continued to use JB as its subcontractor, relying on the representation of Mitchell and Mitchell

Insurance that JB had valid insurance and that DMS was listed as an additional insured throughout 2015-2017.

17.

JB failed to provide a defense and indemnity as required by its subcontract, and because there was no valid insurance, DMS was required to defend itself in the Fleury action and paid settlement to both Fleury and Harbor Freight.

**COUNT I – NEGLIGENT MISREPRESENTATION**

18.

DMS reasserts and incorporates by reference paragraphs 1-16 above as if fully stated herein.

19.

Mitchell and Mitchell Insurance in the course of their business, supplied false information on the subject Certificate of Insurance (Exhibit G) for the guidance of DMS in their business transactions.

20.

Mitchell and Mitchell Insurance provided Exhibit G to JB on May 5, 2017, with the knowledge that this would be sent to DMS and that DMS would rely upon the information contained therein to continue to do business with JB.

21.

Upon receipt of Exhibit G, DMS justifiably relied upon the information contained in Exhibit G, that there was a policy of insurance through Atlantic Casualty and that DMS was an additional insured under that policy.

22.

Mitchell and Mitchell Insurance failed to exercise reasonable care or competence in obtaining the information contained in Exhibit G and in communicating the information contained in Exhibit G to DMS.

23.

As a direct and proximate result of such negligence, carelessness and recklessness of Mitchell and Mitchell Insurance, DMS has incurred and will continue to incur damages in the amount of the settlement paid to Fleury and Harbor Freight, plus the attorney's fees and expenses and costs incurred in investigating and defending The Fleury Action as well as pursuing this current matter.

24.

Upon information and belief, DMS is entitled to judgment against Mitchell and Mitchell Insurance for damages in the amount of the settlement paid to Fleury and Harbor Freight plus the attorney's fees and expenses and costs incurred defending that action as well as pursuing this action.

# PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff DMS prays for judgment against Defendants Mitchell and Mitchell Insurance for such sums as will fully, fairly, and justly compensate Plaintiff DMS on the above-referenced claims as follows:

1. Awarding compensatory damages in the amount that DMS paid to Paul Fleury and Harbor Freight;

2. Awarding DMS reasonable attorney's fees and expenses incurred in the Fleury Action;

3. Awarding DMS the attorneys' fees and costs of these proceedings; and

4. Such other and further relief that this Court deems just and proper.

Respectfully Submitted,
Martineau King, PLLC

/s/ Joseph W. Fulton
Joseph W. Fulton
NC Bar Number 44388
Martineau King PLLC
8701 Red Oak Blvd., Suite 100,
Charlotte, NC 28217
(mailing address) PO Box 241268,
Charlotte, NC 28224
704.247.8533 - direct phone
704.247.8520 - main phone
704.247.8582 - main fax
JFulton@MartineauKing.com